MATOS HERMANOS & CO., RESPONDENTS, *v.* ORTIZ, APPELLANTS.

APPEAL from the District Court of Ponce.

No. 896.—Decided February 7, 1913.

BILL OF PARTICULARS.—When a defendant desires to know the items of a claim he should ask for a bill of particulars.

TRIALS DE NOVO—APPEALS FROM MUNICIPAL COURTS—DEMURRER.—In taking cognizance on appeal of cases from municipal courts district courts are empowered to proceed *de novo* and may therefore overrule the demurrer to the complaint which was sustained in the court below and direct the defendant to answer.

CONTRADICTORY EVIDENCE—ERROR.—The trial court did not err in deciding the conflict in the contradictory evidence in favor of the plaintiff firm.

The facts are stated in the opinion.

*Messrs. Gustavo Rodríguez* and *José G. Torres* for appellant.

*Mr. Miguel Juan Llaneras* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

On appeal from the Municipal Court of Yauco, the District Court of Ponce made the following findings of fact:

First. That the court considered proved by admissions of the parties that the original complaint in the case was presented on September 26, 1911; that the balance of the current account which was sought to be recovered in the complaint amounted to the sum of $323.28, and that this balance has not been satisfied by the defendant.

Second. That the court considered it to be proved that the sales that the complainant firm, Matos Hermanos & Co., made to the defendant, Dámaso Ortiz, had the character of

cash sales, and that by a concession specially made by the complainants to the defendant the latter was allowed to pay off the total amount of the sales in weekly instalments, and the court further found that the current account was liquidated and balanced on September 26, 1911, and that the said balance of $323.28, which the defendant admitted to be true and certain, was demandable from the said 26th day of September, 1911.

The appellant not only questions the correctness of these findings, but, as to previous matters arising on the appeal to the district court, alleges that the District Court of Ponce erred in not overruling the demurrer to the complaint which the Municipal Court of Yauco had sustained, and further alleges that the District Court of Ponce, on overruling the demurrer, was without jurisdiction to proceed with the case, as the jurisdiction of the questions of fact belonged to Yauco.

The second amended complaint which was finally filed in the Municipal Court of Yauco set up that the defendant purchased periodically of the complainant firm various effects of commerce for cash; and, in the majority of times, paid sums on account; that on September 23, 1911, the complainant (sic—meaning the defendant) purchased mercantile effects for the last time of the complainant firm, and as a result of the various sales made from April 12, 1911, until the date of the last sale, the defendant owed the complainants the sum of $323.28 according to the current account which is united to the complaint. The complaint goes on to set up various of the efforts of the complainant to recover the accounts so set forth, and their failure. This complaint sufficiently notified the defendant that the complainant firm, by reason of the sales of merchandise, claimed a balance on current account of $323.28. The complaint might have been more clearly expressed, but if the parties had not been relying on a stated account or if the defendant had wanted further particulars, he should have insisted upon a bill of particulars. We find

no error in the action of the district court in overruling the demurrer of the defendant.

While it is true, as the appellant alleges, that the municipal courts have jurisdiction to try matters involving less than $500 and that this jurisdiction is not concurrent, yet, as in this case, the Municipal Court of Yauco had decided that the complainant firm had no claim at law, the only remedy of the complainant firm was to appeal, and under the law of appeals from municipal courts to district courts in civil matters, the case must be tried in the latter court *de novo*. The district court acquired jurisdiction of the entire case and was entitled to act in exactly the same way as the municipal court might have acted in the original suit. Hence the court on overruling the demurrer had a right to require the defendant to proceed to answer, as he ultimately did.

The only real question remaining in the case is one of fact, namely, whether this merchandise was delivered to the defendant to be paid as a cash transaction or in instalments. There was a conflict of proof on this matter, and not only we do not see any reason to interfere with the discretion of the court in deciding the conflict in favor of the complainant firm, but we think the preponderance of the evidence was clearly in favor of such firm. The managing partner of the mercantile firm, Mr. Luis Irizarri, gave very clear evidence that the sales had been cash ones.

Finding no error in the record the judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.